**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000568
31-MAY-2019
08:09 AM**

NO. CAAP-16-0000568

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN RE OFFICE OF INFORMATION PRACTICES
OPINION LETTER NO. F16-01

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 15-1-0097(1))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Petitioner-Appellant James R. Smith (Smith), *pro se*, appeals from the "Final Judgment" (Judgment), entered on July 15, 2016, in the Circuit Court of the Second Circuit (circuit court).[1] Smith also challenges the circuit court's "Order Granting Respondent Office of Information Practices, State of Hawai'i's Motion for Judgment on the Pleadings, Filed on February 8, 2016" (Order Granting Motion for Judgment) and "Order Dismissing Appellant James R. Smith's (1) Motion to Transmit to the Hawaii Supreme Court Certified and Reserved Questions of Law, Filed on February 23, 2016; and (2) Motion to Transmit to the Hawaii Supreme Court Certified and Reserved Questions of Law, as Amended, Filed on February 24, 2016" (Order Dismissing Motion to Transmit), both filed on June 16, 2016.

This case concerns a special proceeding brought against the Office of Information Practices, State of Hawai'i (OIP) challenging OIP Opinion Letter No. F16-01 (Opinion) concerning

---

[1] The Honorable Rhonda I.L. Loo presided.

the application of the Uniform Information Practices Act (UIPA), Hawaii Revised Statutes (HRS) chapter 92F, and Hawaiʻi's "Sunshine Law", (Sunshine Law), HRS chapter 92, part I. OIP's Opinion, dated July 24, 2015, stated that: (1) the Maui County Council did not violate the Sunshine Law when three councilmembers and the Maui County Mayor participated in a meeting of the Kula Community Association because their attendance complied with HRS § 92-2.5(e) (2012); and (2) a report of the meeting was properly noticed in accordance with HRS § 92-7(a) (2012).

On June 16, 2016, the circuit court entered judgment on the pleadings in favor of OIP, finding that the circuit court lacked subject matter jurisdiction, and dismissed the suit and related motions. Smith timely appealed.

In his opening brief, Smith contends that the circuit court erred by: (1) granting OIP's Motion for Judgment without requiring the presentation of facts alleged in the Complaint or ruling on those facts; (2) granting OIP's Motion for Judgment while issues of material fact remained; (3) failing to apply a standard of review when evaluating OIP's Motion for Judgment; (4) granting OIP's Motion for Judgment without issuing either findings of fact or conclusions of law; (5) failing to grant or deny the Motion to Transmit and instead dismissing it as moot; and (6) failing to order OIP to forward the record used in arriving at its Opinion to the circuit court for review, per HRS § 92F-43.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant case law, we resolve Smith's appeal as follows.

Regarding a motion for judgment on the pleadings, the Hawaiʻi Supreme Court has stated:

> An HRCP Rule 12(c) (2004) motion serves much the same purpose as an HRCP Rule 12(b)(6) (2004) motion, i.e., motion to dismiss for "failure to state a claim upon which relief can be granted," except that it is made after the pleadings are closed. Baehr v. Lewin, 74 Haw. 530, 545-46, 852 P.2d 44, 52, reconsideration granted in part and denied in part, 74 Haw. 650, 875 P.2d 225 (1993) (citation omitted). "A

2

Rule 12(c) motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain." Id. at 546, 852 P.2d at 52 (citation, internal quotation marks, and ellipsis omitted).

> In a motion for judgment on the pleadings under HRCP Rule 12(c), the movant [must] clearly establish[ ] that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the [circuit] court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

Ruf v. Honolulu Police Dep't, 89 Hawai'i 315, 319, 972 P.2d 1081, 1085 (1999) (brackets in original) (citations and internal quotation marks omitted). On appeal, this court reviews de novo the circuit court's order granting the motion. Id. (citation omitted).

> Ultimately, our task on appeal is to determine whether the circuit court's order . . . supports its conclusion that [the defendant] is entitled to judgment as a matter of law and, by implication, that it appears beyond [a] doubt that the plaintiffs can prove no set of facts in' support of their claim that would entitle them to relief under any alternative theory.

Baehr, 74 Haw. at 550, 852 P.2d at 54 (citations omitted).

Hawaii Med. Ass'n. v. Hawaii Med. Service Ass'n, Inc., 113 Hawai'i 77, 90-91, 148 P.3d 1179, 1192-93 (2006) (brackets in original) (footnote omitted).

In its Order Granting Motion for Judgment, the circuit court found:

> (1) Sections 92F-27 and 92F-43, Hawaii Revised Statutes (HRS) do not authorize individuals to appeal OIP opinions relating solely to chapter 92, HRS, or to otherwise sue the OIP for alleged HRS chapter 92, part 1, violations by Hawai'i state or county agencies.
> (2) Appellant's remedy lies in section 92-12, HRS.

Similar to our standard of review for a motion for judgment on the pleadings,

> [s]tatutory interpretation is a question of law reviewable de novo. Our construction of statutes is guided by the following rules: First the fundamental starting point for statutory-interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain

and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.

Kawashima v. State, 140 Hawai'i 139, 148-49, 398 P.3d 728, 737-38 (2017) (block quote format altered) (brackets, citations, and internal quotation marks omitted).

(A) HRS § 92F-27 states in relevant part:

(a) An individual may bring a civil action against an agency in a circuit court of the State whenever an agency fails to comply with any provision of this part, and after appropriate administrative remedies under sections 92F-23, 92F-24, and 92F-25 have been exhausted.

(Emphases added).

Under the statute's plain meaning, the enforcement mechanism in HRS § 92F-27 is explicitly self-limited to part III of HRS chapter 92F, which governs the disclosure of personal records. Thus, HRS § 92F-27 can only be used to seek judicial review of agency actions related to the disclosure of personal records.

In this case, Smith argued in his complaint that OIP's Opinion misinterprets HRS § 92-1.5 (2012) and HRS § 92-7 (Supp. 2014), and thus that OIP's Opinion itself constitutes a failure to comply with the provisions of HRS chapter 92, making OIP's Opinion the proper subject of a civil suit under HRS § 92F-27 against OIP as an agency. However, Smith's Complaint does not allege that OIP's Opinion violated any statute in HRS chapter 92F part III related to the disclosure of or failure to disclose Smith's personal information. Smith's Complaint solely concerns the disclosures of records and notices related to public meetings held and/or attended by members of the Maui County Council under HRS chapter 92. Thus, there is no set of facts that Smith could present that would raise a claim under HRS chapter 92F part III, and the circuit court did not err in finding as a matter of law that HRS § 92F-27 does not authorize individuals to appeal OIP

opinions relating solely to HRS chapter 92 or to otherwise sue the OIP for alleged HRS chapter 92, part I, violations by Hawai'i state or county agencies.

(B) HRS § 92F-43 states in relevant part:

(a) An agency may not appeal a decision by the office of information practices made under this chapter or part I of chapter 92, except as provided in this section. Within thirty days of the date of the decision, <u>an agency may seek judicial review of a final decision rendered by the office of information practices under this chapter or part I of chapter 92, by filing a complaint to initiate a special proceeding in the circuit court</u> of the judicial circuit in the State where:
> (1) The request for access to a record was made;
> (2) The act the office determined was prohibited under part I of chapter 92 occurred; or
> (3) The agency's principal place of business is located.

(Emphasis added).

As titled, HRS § 92F-43 solely concerns an "[a]gency appeal of a decision by the office of information practices." An agency is defined as

any unit of government in this State, any county, or any combination of counties; department; institution; board; commission; district; council; bureau; office; governing authority; other instrumentality of state or county government; or corporation or other establishment owned, operated, or managed by or on behalf of this State or any county, but does not include the nonadministrative functions of the courts of this State.

HRS § 92F-3 (2012). While HRS § 92F-43 is broader than HRS § 92F-27 and may be used by agencies to challenge OIP decisions regarding both HRS chapter 92F or chapter 92 part I, HRS § 92F-43 only confers standing on agencies, as defined in HRS § 92F-3, to challenge OIP decisions.

In this case, Smith is an individual and HRS § 92F-43 does not confer any standing on Smith to appeal or directly challenge an opinion issued by OIP. Thus, there is no set of facts that Smith could present that confer standing under HRS § 92F-43, and the circuit court did not err in finding as a matter of law that HRS § 92F-43 does not authorize individuals to appeal OIP opinions relating solely to HRS Chapter 92 or to otherwise sue the OIP for alleged HRS chapter 92, part 1, violations by Hawai'i state or county agencies.

(C) HRS § 92-12 concerns enforcement of HRS chapter 92 part I and states:

> (a)  The attorney general and the prosecuting attorney shall enforce this part.
> (b)  The circuit courts of the State shall have jurisdiction to enforce the provisions of this part by injunction or other appropriate remedy.
> (c)  Any person may commence a suit in the circuit court of the circuit in which a prohibited act occurs for the purpose of requiring compliance with or preventing violations of this part or to determine the applicability of this part to discussions or decisions of the public body. The court may order payment of reasonable attorney's fees and costs to the prevailing party in a suit brought under this section.
> (d)  Opinions and rulings of the office of information practices shall be admissible in an action brought under this part and shall be considered as precedent unless found to be palpably erroneous.
> (e)  The proceedings for review shall not stay the enforcement of any agency decisions; but the reviewing court may order a stay if the following criteria have been met:
> (1)  There is likelihood that the party bringing the action will prevail on the merits;
> (2)  Irreparable damage will result if a stay is not ordered;
> (3)  No irreparable damage to the public will result from the stay order; and
> (4)  Public interest will be served by the stay order.

Regarding the proper parties and subject matter of an original suit, under the plain language of HRS § 92-12(c), as interpreted by the Hawai'i Supreme Court, suit may only be brought upon an "allegation that 'a prohibited act' has occurred in violation of HRS §§ 92-1 through 92-13, in order to enforce compliance with or determine the applicability of the Sunshine Law to the proceedings of [the public body]." Kaapu v. Aloha Tower Dev. Corp., 74 Haw. 365, 381, 846 P.2d 882, 889 (1993). The supreme court's interpretation contemplates that the proper party subject to suit in circuit court is a public body: (1) that committed "a prohibited act" in violation of HRS §§ 92-1 through 92-13 and (2) against whom compliance with the Sunshine Law may be enforced by the court and/or whose proceedings may be determined to be subject to the Sunshine Law.

According to HRS § 92F-42 (Supp. 2015)[2], this judicial

---

[2] HRS § 92F-42, which assigns certain powers to OIP, states in relevant part that OIP

> [s]hall, upon request, review and rule on an agency denial of access to information or records, or an agency's granting of access; provided that any review by the office of

enforcement mechanism against an agency for violations of HRS chapters 92 and 92F is independent of any OIP review and opinion on the matter. However, the reviewing court shall consider any opinions issued by OIP on a matter as precedential unless, upon the court's review, the precedent is found to be palpably erroneous. HRS § 92-12(d). These provisions indicate that OIP opinions, insofar as they are a quasi-judicial function of OIP, are reviewable by a circuit court in an original action against a public body which committed "a prohibited act" in violation of HRS §§ 92-1 through 92-13 and against whom the Sunshine Law may be enforced.

In this case, Smith brought his Complaint directly against OIP, alleging that the OIP Opinion's misconstruction of HRS §§ 92-1.5 and 92-7 was itself an enforceable violation of the Sunshine Law and seeking to have the circuit court correct the OIP Opinion through its HRS § 92-12(b) jurisdiction to enforce the Sunshine Law. In its Order Granting Motion for Judgment, the circuit court granted OIP's Motion for Judgment and dismissed the case, ruling that Smith's remedy lies in HRS § 92-12.

Insofar as Smith is alleging that the actions of the Maui County Council violated the Sunshine Law, the circuit court did not err in ruling that as an individual, Smith's remedy falls under HRS § 92-12(c) to bring an original action directly against the Maui County Council, seeking enforcement of the Sunshine Law by injunction or other remedy. In such a case, any relevant OIP opinions shall be admissible and considered as precedent unless found by the circuit court to be palpably erroneous. HRS § 92-12(d). This mechanism permits Smith to seek direct review of an OIP opinion.[3]

---

information practices shall not be a contested case under chapter 91 and shall be optional and without prejudice to rights of judicial enforcement available under this chapter[.]

(Emphases added).

[3] On May 2, 2017, the Civil Beat Law Center for the Public Interest filed an Amicus Curiae Brief in this case arguing that HRS § 92-12 permits individuals to directly challenge OIP opinions by naming OIP as a party, citing our decision in Cty. of Kauai v. Office of Info. Practices, State of Hawaii (Kauai v. OIP), 120 Hawai'i 34, 200 P.3d 403 (App. 2009). While Kauai

In conclusion, the circuit court did not err in granting OIP's Motion for Judgment and dismissing the case on the grounds that Smith lacked subject matter jurisdiction because he did not bring suit under the proper statute and against the proper party. Just as an appeal of a circuit court decision does not name the circuit court as a party when it alleges the circuit court erred in interpreting and applying a particular law, but instead names the party against whom enforcement is proper; HRS § 92-12 contemplates that the proper party for a suit to review an OIP opinion is the agency that followed the OIP opinion in alleged violation of the Sunshine Law and against whom the Sunshine Law will eventually be enforced. HRS § 92-12 does not confer jurisdiction on the circuit court to order OIP to render a new decision, only to rule a decision non-precedential if palpably erroneous.[4]

Thus, the circuit court did not err when it granted OIP's motion for judgment on the pleadings and dismissed the case for lack of subject matter jurisdiction, and we need not address Smith's remaining contentions on appeal.

Based on the foregoing, the (1) "Final Judgment" entered on July 15, 2016; (2) "Order Granting Respondent Office of Information Practices, State of Hawai'i's Motion for Judgment on the Pleadings, Filed on February 8, 2016", filed on June 16, 2016; and (3) "Order Dismissing Appellant James R. Smith's (1) Motion to Transmit to the Hawaii Supreme Court Certified and Reserved Questions of Law, Filed on February 23, 2016; and (2) Motion to Transmit to the Hawaii Supreme Court Certified and Reserved Questions of Law, as Amended, Filed on February 24,

---

v. OIP is explicit that no restriction can be placed on who is eligible to bring an action under HRS § 92-12, the proper defendant and subject matter of such a suit are delineated in HRS § 92-12(b) and do not include OIP opinions which are specifically addressed in HRS § 92-12(d). An individual may directly challenge an OIP decision by bringing suit for enforcement against the public body that committed a prohibited act in violation of the Sunshine Law or UIPA. Any relevant OIP opinion must be reviewed by the circuit court as precedent in such a suit pursuant to HRS § 92-12(d).

[4] In other words, even if the circuit court found that OIP erred in its Opinion, the circuit court has no authority to order OIP to issue a new opinion and the circuit court has no personal jurisdiction over the Maui County Council to enforce the Sunshine Law by "injunction or other appropriate remedy" per HRS § 92-12(b).

2016", filed on June 16, 2016, in the Circuit Court of the Second Circuit are affirmed.

DATED:   Honolulu, Hawai'i, May 31, 2019.

On the briefs:

James R. Smith,
Pro-Se, Petitioner-Appellant.

Patricia Ohara,
and Stella M.L. Kam,
Deputy Attorneys General,
for Respondent-Appellee.

Robert Brian Black on the
amicus curiae brief for the
Civil Beat Law Center for the
Public Interest.

Presiding Judge

Associate Judge

Associate Judge

9